UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOTIR LIBAROV, </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, </br></br> Defendants. | No. 22 C 6414 </br></br> Chief Judge Pallmeyer |

**ANSWER**

Defendants United States Immigration and Customs Enforcement and United States Citizenship and Immigration Services, by their attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, for their answer to the complaint (Dkt. 1), state as follows:

**First Defense**

U.S. Citizenship and Immigration Services should be dismissed from this case on the ground that, in the complaint's own description of events, plaintiff submitted a FOIA request to ICE seeking ICE records and *not* USCIS records.

**Second Defense**

The complaint purports to impose obligations on defendants that exceed those imposed by the Freedom of Information Act.

### Third Defense

Plaintiff is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, and plaintiff is not entitled to compel the production of records that are not subject to FOIA.

### Fourth Defense

Defendants are not improperly withholding any responsive documents.

### Fifth Defense

At all times alleged in the complaint, defendants acted in good faith, with justification, and pursuant to lawful authority.

### Sixth Defense

Answering the specific allegations of the complaint, defendant admits, denies, or otherwise avers as follows:

1. **Complaint:** This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking agency records wrongfully withheld by the Immigration and Customs Enforcement ("ICE") and the Citizenship and Immigration Services ("USCIS") and (2) the two agencies' nationwide pattern and practice of failing to make determinations regarding FOIA requests and inter-DHS components referrals within the time frames mandated by Congress within the FOIA.

    **Response**: Admit that this is an action brought under FOIA and admit that Stevens has accused the agencies of violating FOIA. Deny that defendants have violated FOIA.

2. **Complaint:** Counts I and II of this Complaint seek statutory, declaratory, injunctive, and equitable relief to remedy Defendants' violations of FOIA and/or the PA, which include but are not limited to the failure to process properly submitted FOIA requests and to produce responsive documents within the statutory deadlines mandated by Congress.

    **Response**: Admit that the complaint seeks the relief described and contains the described allegations.

3. **Complaint:** This complaint in Counts [*sic*] III seeks declaratory and injunctive relief to remedy Defendants' pattern and practice of systemic violations of FOIA, which includes:

(1) failure to make determinations concerning FOIA requests within the mandated statutory time periods; (2) failure to acknowledge properly submitted requests and PA waivers; (3) failure to conduct proper searches to locate documents responsive to FOIA requests; and (4) failure to allocate sufficient resources to address its respective ever growing FOIA backlogs. Count III does not seek the production of documents withheld in response to Plaintiff's individual FOIA requests.

**Response:** Admit that the complaint seeks the relief described and contains the described allegations.

## JURISDICTION AND VENUE

4. **Complaint:** This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B). The court has further jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201-2202.

**Response:** Admit that the court has subject matter jurisdiction.

5. **Complaint:** Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Libarov is domiciled and resides within this district.

**Response:** Admit.

## PARTIES

6. **Complaint:** Plaintiff Sotir Libarov is a citizen of Bulgaria and resident of the State of Illinois, county of Cook.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6; accordingly, they are denied.

7. **Complaint:** Defendants ICE and USCIS are agencies within the U.S. Department of Homeland Security ("DHS"). DHS is an agency of the executive branch of the U.S. government within the meaning of 5 U.S.C. § 522(f)(1) from which Mr. Libarov sought information through the requests identified below.

**Response:** Admit the first sentence of paragraph 7, with the clarification that ICE and USCIS are *components* of the Department of Homeland Security. Admit that DHS is an executive agency, but deny that plaintiff sought information from DHS via FOIA, and note that DHS is not listed as a defendant.

3

8. **Complaint:** Defendants have custody, possession, and control over the records and systems of records sought by Plaintiff under FOIA and/or PA, and have had such custody, possession, and control at the time the records were requested and up to the present.

**Response:** Admit that defendants may have records responsive to plaintiff's FOIA request; deny the remaining allegations.

## FACTS

9. **Complaint:** On or about 15 March 2016 Mr. Libarov applied for adjustment of status (Form I-485) under the provisions of the Cuban Adjustment Act of 1966 [CAA] based on his marriage to a citizen of Cuba who was already granted legal permanent resident status under the CAA. The USCIS accepted the application.

**Response:** ICE and USCIS's FOIA office lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9; accordingly, they are denied.

10. **Complaint:** USCIS scheduled Mr. Libarov for an adjustment interview on 14 December 2016 at its Miami Field Office. Mr. Libarov's spouse accompanied him to the interview and was questioned by immigration officers in a separate room.

**Response:** ICE and USCIS's FOIA office lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10; accordingly, they are denied.

11. **Complaint:** Mr. Libarov received no decision or communication from USCIS for the next five years.

**Response**: ICE and USCIS's FOIA office lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11; accordingly, they are denied

12. **Complaint:** On or about 15 April 2022 the Chicago Field Office of the USCIS issued and served on Mr. Libarov a Notice of Intent to Deny (NOID) the pending Form I-485, Adjustment of Status Application.

**Response**: ICE and USCIS's FOIA office lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12; accordingly, they are denied.

13. **Complaint:** Through counsel, Mr. Libarov responded timely to the NOID. Pursuant to 8 C.F.R. §103.2(b)(16) concurrently, Plaintiff Sotir Libarov requested the production of all records and documents, not considered by the Attorney General to be confidential, pertaining to and forming the basis for the derogatory allegations contained in the NOID issued on or about 15 April 2022. The request included but was not limited to (1) any recorded statement(s) attributed to either Mr. Sotirov [*sic*] or Ms. Alonso Hernandez and (2) all records, documents, reports, and other tangible evidence pertaining to (i) any investigation conducted by USCIS and/or ICE in Miami and Chicago since March 2016 into the *bona fides* of the underlying marriage; (ii) all records, phone logs, notes, adopted or attributed statements, and the transcripts of any recording of the 14 December 2016 interview; and (iii) any other derogatory information allegedly obtained from USCIS's review of the file and forming the basis for the allegations and assertions of ineligibility and the exercise of unfavorable discretion as stated in NOID.

**Response:** ICE and USCIS's FOIA office lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13; accordingly, they are denied.

14. **Complaint:** USCIS denied the Adjustment of Status application but produced neither of the derogatory information requested.

**Response:** ICE and USCIS's FOIA office lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14; accordingly, they are denied.

15. **Complaint:** On 22 July 2022 through counsel, Mr. Libarov made a FOIA request to Defendant ICE by emailing the request and a signed consent and identity affidavit to *ice-foia@ice.dhs.gov*. The request stated as follows:

> *Dear Madam/Sir:*
>
> *On behalf of my client, Sotir Libarov A # 214 012 \*\*\*, I hereby make a request for the following records:*
>
> *All forms, statements, notes, emails, text messages, investigative memoranda, electronically stored data, screenshots of DHS databases containing information and data, and all other documents*

5

> *and records pertinent to and/or relating in any way to the above identified individual.*
>
> *An identity affidavit is attached.*
>
> *This is a request for the production of the requested records within the timeframes mandated by FOIA.*
>
> *Please produce the records in electronic format via email, portal or on a CD to Nicole6e [sic] Glazer, Law Offices of Larry R Glazer, 79125 Corporate Center Dr #6351, La Quinta, CA 92253 or via email at nicole6e@glazerandglazer.com [sic].*

   **Response:** Admit.

  16. **Complaint:** Rather than acknowledge and docket the FOIA request, Defendant ICE responded as follows:

> You have directed a FOIA request to U.S. Immigration and Customs Enforcement (ICE) seeking either (1) copies of your entire immigration file also known as an alien file or A-file (ICE, CBP, OBIM USCIS records), or (2) copies of certain documents or other information that is maintained in an individual's immigration file.
>
> Complete immigration files are maintained by U.S. Citizenship and Immigration Services (USCIS). Accordingly, ICE is routing your FOIA request to USCIS. Upon receipt of your FOIA request, USCIS will provide you with a tracking number and respond directly to your request.

   **Response:** Admit.

  17. **Complaint:** Upon receipt of the above communication Mr. Libarov's counsel responded to Defendant ICE as follows:

> Dear FOIA Officer:
>
> The FOIA request submi6ed [sic] is for ICE records, not USCIS records. The request seeks "All forms, statements, notes, emails, text messages, investigative memoranda, electronically stored data, screenshots of DHS databases containing information and data, and all other documents and records pertinent to and/or relating in any way to the above identified individual: Sotir Dimitrov Libarov A # 214 012 ***, that are created and maintained by ICE.
>
> The request does not seek the Alien File, as you claim.

6

     Please issue a tracking number and process the request for the records of ICE as requested.

     **Response:** Admit.

18. **Complaint:** Defendant ICE did not issue a tracking number.

     **Response:** Admit.

19. **Complaint:** Defendant ICE has not responded further to the 22 July 2022 FOIA request and has produced no records.

     **Response:** Admit.

20. **Complaint:** Defendant USCIS did not issue a tracking number for the alleged inter-agency referral.

     **Response:** Admit, because USCIS never received a FOIA referral from ICE.

21. **Complaint:** Defendant USCIS has not processed the ICE inter-agency referral and has produced none of the records requested.

     **Response:** Admit, because USCIS never received a FOIA referral from ICE.

22. **Complaint:** Defendants have thus failed to produce a tracking number, responsive records, or explain why any of the requested records are being withheld.

     **Response:** Admit.

## CAUSES OF ACTION

### Count I

**Violation of the FOIA: Failure to Issue Tracking Number and Process Requests**

23. **Complaint:** Plaintiff incorporates by reference paragraphs 1 to 22 above.

     **Response:** Defendants incorporate by reference their responses to paragraphs 1 through 22 above as if set forth in full here.

24. **Complaint:** Defendants ICE and USCIS, respectively, failed to make a determination regarding Sotir Libarov's properly submitted FOIA request and to produce responsive records well past the deadlines promulgated by Congress, as more fully explained

above. Thus, each of these Defendants has violated the statutory deadlines under 5 U.S.C. §§ 552(a)(6)(E)(ii)(I), (a)(6)(A)(ii) and the procedures established by 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

        **Response:**    Deny.

25.    **Complaint:**    Plaintiff has constructively exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

        **Response:**    Deny.

### Count II

### Violation of the FOIA: Unlawful Withholding of Agency Records

26.    **Complaint:**    Plaintiff incorporates by reference paragraphs 1 to 22 above.

        **Response:**    Defendants incorporate by reference their responses to paragraphs 1 through 25 above as if set forth in full here.

27.    **Complaint:**    Plaintiff has a statutory right under the Act to obtain the agency records properly requested in the 22 July 2022 request.

        **Response:**    Deny.

28.    **Complaint:**    No legal basis exists for Defendants ICE and USCIS's failures to promptly docket, process, [and] respond to the properly submitted FOIA request and produce responsive agency records in accordance with the timing and other requirements of the Act.

        **Response:**    Deny.

29.    **Complaint:**    As of the date of this Complaint, Defendants have wrongfully withheld records requested by Plaintiff in his 22 July 2022 FOIA request and have failed to demonstrate that such records are lawfully exempt from production. *See* 5 U.S.C. § 552(a)(6)(C). Nor have Defendants notified Plaintiff of the scope and nature of any responsive records each Defendant intends to produce or withhold and the reasons for any withholdings, nor informed Plaintiff that it might appeal any specific, adverse determination.

        **Response:**    Deny.

30.    **Complaint:**    By failing to timely process and respond to Plaintiff's request within the statutorily prescribed time limits, Defendants have violated their respective duties under the FOIA, including but not limited to their duties to process properly submitted requests for records, to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information. Therefore, Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

**Response:** Deny.

31. **Complaint:** Plaintiff is being irreparably harmed by reason of Defendants' unlawful practices of withholding records responsive to Plaintiff's FOIA request and their failure to comply with their respective obligations under FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform its [*sic*] conduct to the requirements of the law.

**Response:** Deny.

32. **Complaint:** Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**Response:** Deny.

33. **Complaint:** Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

**Response:** Deny.

## COUNT III

### Administrative Procedure Act: Agency Action That Is *Ultra Vires*, Arbitrary, Capricious, or an Abuse of Discretion against ICE

34. **Complaint:** In enacting FOIA Congress mandated that agencies make determinations on initial FOIA requests within, at most, thirty business days, including when ICE refers all or a portion of an individual FOIA request to another DHS component or agency, such as USCIS or CBP. 5 U.S.C. §§ 552(a)(6)(A) & (B); 6 C.F.R. §§ 5.4(d)(3) & (g).

**Response:** Admit.

35. **Complaint:** When Congress extended the original 10-day FOIA deadline to twenty business days, it did so by recognizing that "[l]ong delays in access can mean no access at all," and urged agencies to "respond to requests in a timely manner." H. REP. NO. 104-795, at 16-23, *as reprinted in* 1996 U.S.C.C.A.N. 3459, 3466. The complex and detailed Congressional pronouncements pertaining to proper and timely processing of FOIA requests do not allow for agencies to disregard their statutory obligations and violate the Act—routinely and intentionally—claiming a lack of resources, increased backlogs, or preferences as to which agency would respond to requests made by non-citizens seeking access to their own records to defend against removal or arbitrary denials of benefits under the Immigration and Nationality Act. Rather, it is incumbent on agencies to "inform Congress of the additional resources needed to fully comply with the FOIA." H. REP. NO. 104-795, *as reprinted in* 1996 U.S.C.C.A.N. 3448, 3472.1.

9

**Response:** Admit that FOIA provides timelines for agency responses to FOIA requests and admit that the quotations are accurate.

36. **Complaint:** Despite the unambiguous language of the Act, since approximately 2010 DHS and ICE have taken the position that 5 U.S.C. § 552(a)(6)(A)(i) does not impose an affirmative obligation or require the agency and its components to make determinations on FOIA requests within the 20-business day statutory timeframe. This position permeates ICE FOIA standard operating procedures, its written internal rules, and its uniform practice pertaining to responding to FOIA requests and retrieving and/or processing of responsive documents (hereinafter referred to collectively as "Challenged Rules and Practice").

**Response:** Deny, and note again that DHS is not a defendant in this lawsuit.

37. **Complaint:** As a result of these Challenged Rules and Practice ICE has failed to make determinations on FOIA requests, appeals, and remands within the timeframes required by statute. Defendant's failures are part of a pattern and practice of such deliberate violations of FOIA. Defendant ICE applied the Challenged Rules and Practices to Plaintiff's 22 July 2022 FOIA request and to other similarly situated individuals.

**Response:** Deny.

38. **Complaint:** Exceptional circumstances do not justify ICE's delay in processing FOIA requests.

**Response:** Deny.

39. **Complaint:** Defendants ICE and USCIS were on notice that Congress tightened the definition of "exceptional circumstances" in the 1996 amendments to the FOIA statute to provide as follows: "For purposes of this subparagraph, the term 'exceptional circumstances' does not include a delay that results from a *predictable agency workload* of requests under this section, unless the agency demonstrates *reasonable progress* in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii) (emphasis added).

**Response:** Admit that FOIA provides timeframes for agency responses to FOIA requests, and admit that the quotations are accurate.

40. **Complaint:** Despite its ballooning backlog, ICE does not include compliance with the statutory deadlines for FOIA adjudication in its yearly department goals or use the statutory timeframes as a metric for evaluating employees' and contractors' performance. Specifically, when Defendants outsource FOIA processing pursuant to prime labor contracts DHS and its outsourcing components neither manage the contract staff's day-to-day work, evaluate staff performance, or reserve the authority to impose specific processing goals.

**Response:** Deny.

10

41. **Complaint:** Defendants' Challenged Rules and Practice have caused a backlog of FOIA requests for each year since 2012.

    **Response:** Deny.

42. **Complaint:** According to the last published DHS FOIA Report at the start of Fiscal Year 2020 ICE had 2,818 unprocessed FOIA requests. As of August 11, 2020, ICE's backlog was at 56,66 [*sic*] requests, inclusive of the large number of USCIS referrals. Despite a last quarter push to process as many requests as possible by resorting to overtime, additional staffing, and cross-component processing, ICE ended up with a backlog of 12,847. Plaintiff believes and hereby alleges that the backlog has continued to increase in FY 2021 and FY 2022 and will continue in FY 2023.

    **Response:** Admit that the statistics are accurate.

43. **Complaint:** DHS ultimately shares responsibility with its component agencies (the Defendants) for the chronic failure to comply with the mandates of the FOIA statute. It has admitted that FOIA backlogs have continued to be a systemic problem at DHS and that "[d]ecentralization of the FOIA program at the Department causes problems in program coordination and workforce management making it difficult for the FHS FOIA enterprise to share manpower coordinate surge efforts and plan for future challenges." DHS FOIA Backlog Reduction Plan 2020-23.

    **Response:** Deny that any "chronic failure" to comply with FOIA is occurring,

but admit that the quotation is accurate.

44. **Complaint:** Fully aware of ballooning backlogs, Defendants ICE and USCIS failed to ensure that each agency made reasonable progress in clearing out their backlogs to ensure timely determinations in response to FOIA requests. Defendants further failed to ensure that sufficient resources are allocated by each agency to address their FOIA backlogs.

    **Response:** Deny.

45. **Complaint:** Defendants' backlog demonstrates the existence of a pattern and practice of deliberate and repeated failures to make timely determinations on FOIA requests, process appeals, and promptly produce responsive records within the statutory time periods and in good faith.

    **Response:** Deny.

46. **Complaint:** Each Defendant also routinely fails to conduct good faith searches for records and redacts information that is not within the scope of to [*sic*] the carefully crafted statutory exemptions. As a result, each Defendant is precluding the public from monitoring its actions and performance.

11

**Response:** Deny.

47. **Complaint:** No legal ground, justification, or excuse exists for Defendants' nationwide pattern and practice of failing to meet the statutory deadlines with respect to properly submitted FOIA requests and to discharge their statutory duties in good faith.

**Response:** Deny.

WHEREFORE, defendants request that this case be dismissed with costs and that the court award such other relief as may be appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
 ALEX HARTZLER
 Assistant United States Attorney
 219 South Dearborn Street
 Chicago, Illinois 60604
 (312) 886-1390
 alex.hartzler@usdoj.gov