UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOTIR LIBAROV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 6414 |
| v. | ) | |
| | ) | Judge Cummings |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF
### MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT

Defendant United States Immigration and Customs Enforcement, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, submits the following statement of material facts as to which there is no genuine issue pursuant to Local Rule 56.1 of the United States District Court for the Northern District of Illinois.

**Jurisdiction and Venue**

1.      This is an action brought under the Freedom of Information Act (FOIA), and the court has subject matter jurisdiction under 5 U.S.C. § 552 and 28 U.S.C. § 1331.  Answer (Dkt. 24) ¶¶ 1, 4.

2.      Venue is proper in this district because plaintiff Sotir Libarov resides in this district. Answer (Dkt. 24) ¶ 5.

**Parties**

3.      Plaintiff Sotir Libarov submitted a FOIA request to ICE in July 2022.  Answer (Dkt. 24) ¶ 15.

4.   Defendant ICE is the principal investigative arm of the Department of Homeland Security and is the second-largest investigative agency in the federal government.  Ex. A (Pineiro Decl.) ¶ 18.

### ICE's FOIA Program

5.   When ICE receives a FOIA request, its FOIA office evaluates it to determine if it is a proper request and, if so, enters the request into a database called FOIAXpress.  Ex. A (Pineiro Decl.) ¶¶ 10-11.

6.   Based on the request's description of the records being sought and the FOIA office's experience and knowledge of ICE's various program offices' missions, the FOIA office identifies which office or offices are reasonably likely to possess responsive records and tasks the appropriate office or offices with conducting the necessary searches.  Ex. A (Pineiro Decl.) ¶¶ 11, 13.

7.   The point-of-contact within a program office who receives a request from the FOIA office will, based on their experience and detailed knowledge of their program office's practices and operations, forward the request with instructions to any employees or component offices within the program office that the point-of-contact believes are reasonably likely to have responsive records.  Ex. A (Pineiro Decl.) ¶¶ 12-13.

8.   The employees and component offices are directed to conduct searches of their file systems that, in their judgment, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to contain responsive records.  Ex. A (Pineiro Decl.) ¶ 13.

9.   Once the searches are complete, the employees and component offices provide any potentially responsive records to the point-of-contact, who in turn provides them to the FOIA

office, which reviews the records for responsiveness and for the applicability of any FOIA exemptions. Ex. A (Pineiro Decl.) ¶ 13.

10.     If information is redacted based on a FOIA exemption or the Privacy Act, the FOIA office will ensure that all reasonably segregable non-exempt information is released. Ex. A (Pineiro Decl.) ¶ 16.

### Libarov's FOIA Request

11.     On July 22, 2022, Libarov sent a FOIA request to ICE seeking records pertaining to himself, Sotir Dimitrov Libarov. Ex. A (Pineiro Decl.) ¶ 6.

12.     After reviewing the request, ICE's FOIA office determined that, based on the request's subject matter, the program offices likely to have responsive records, should any exist, were the Office of Homeland Security Investigations and the Office of Enforcement and Removal Operations. Ex. A (Pineiro Decl.) ¶ 19.

13.     The FOIA office instructed those two program offices—which will be abbreviated here as HSI and ERO—to conduct a comprehensive search for responsive records and to provide any potentially responsive records to the FOIA office. Ex. A (Pineiro Decl.) ¶ 19.

### HSI's Search

14.     HSI is responsible for investigating a wide range of activities arising from the illegal movement of people and goods into, within, and out of the United States. Ex. A (Pineiro Decl.) ¶ 20. HSI investigates criminal activities such as immigration crime, child exploitation, human rights violations, human smuggling, drug smuggling, weapons smuggling, and financial crimes. *Id*. In addition to its headquarters in Washington, D.C., HSI maintains 26 "Special Agent in Charge" field offices throughout the United States and international offices in 48 countries around the world. *Id*.

15.     An analyst at HSI searched HSI's Investigative Case Management system using Libarov's name, date of birth, alien number, and country of birth. Ex. A (Pineiro Decl.) ¶ 21. The search identified records, and HSI determined that the special agent in charge of the Miami Field Office was reasonably likely to have other records not in the Investigative Case Management System. *Id.*

16.     In Miami, the special agent in charge conducted a four-hour search for records in the following systems, using Libarov's name:

- The Person Centric Query Service (a database containing sensitive information about applicants for immigration benefits, which pulls information from over 20 databases, including other DHS and federal agency databases);

- The Treasury Enforcement Communications System (the principal system used by officers at the border to assist with screening and determinations regarding admissibility of arriving persons);

- The Arrival and Departure Information System (which is used to track arrivals and departures at entry and exit points);

- The Central Index System (a repository of electronic data that contains an index of basic data elements related to an individual as the individual passes through the immigration process);

- The Customer Profile Management Service (a person-centric repository of biometric and biographic information provided by petitioners and applicants that have been issued a USCIS card evidencing the granting of an immigration-related benefit);

- The Electronic Immigration System (which allows individuals requesting a USCIS benefit to register online and submit certain benefits requests through the online system);

- The Automated Targeting System (a decision-support tool that compares traveler, cargo, and conveyance information against law enforcement, intelligence, and other enforcement data using risk-based scenarios and assessments);

- The Consular Consolidated Database (a data warehouse that stores current and archived data from all of the Consular Affairs post databases around the world);

- The Student and Exchange Visitor Information System (a web-based system for maintaining information on nonimmigrant students and exchange visitors in the United States);

4

- The Investigative Case Management System (the core law enforcement case management tool primarily used by ICE Homeland Security Investigations and Enforcement and Removal Operations), which is the same database that had been previously been searched by the analyst mentioned above; and

- The National Crime Information Center.

Ex. A (Pineiro Decl.) ¶¶ 22-23.

17.     The Special Agent in Charge also searched an electronically stored folder and his Outlook emails, using the search term "Libarov," because the Special Agent in Charge was the person responsible for the investigation in question.  Ex. A (Pineiro Decl.) ¶¶ 21, 24.

18.     In total, HSI's search yielded six pages of potentially responsive records, which HSI sent to the FOIA office for review and processing.  Ex. A (Pineiro Decl.) ¶¶ 13, 25.

19.     HSI determined that, due to the open status of an ongoing law enforcement investigation, the six pages needed to be withheld in their entirety under 5 U.S.C. § 552(b)(7)(A), which protects from disclosure records or information compiled for law enforcement purposes, the release of which could be expected to interfere with enforcement proceedings.  Ex. A (Pineiro Decl.) ¶ 25.

20.     ICE sent Libarov a letter on September 19, 2023, explaining that the six pages of potentially responsive records were being withheld in their entirety under FOIA Exemption 7(A). Ex. A (Pineiro Decl.) ¶ 26.  The letter identifies a tracking number 2023-ICLI-00015.  Ex. B (Sept. 19, 2023 response letter).

### ERO's Search

21.     ERO oversees programs and conducts operations to identify and apprehend removable noncitizens, to detain them when necessary, and to remove them from the United States. Ex. A (Pineiro Decl.) ¶ 27.  ERO prioritizes the apprehension, arrest, and removal of convicted

criminals, those who pose a threat to national security, fugitives, recent border entrants, and noncitizens who thwart immigration controls. *Id.*

22.     When ERO receives a request from ICE's FOIA office, the request is forwarded to ERO's Information Disclosure Unit. Ex. A (Pineiro Decl.) ¶ 28.

23.     A point-of-contact in the Information Disclosure Unit reviews the request and, based on their subject matter expertise and knowledge of the activities of the components within ERO, determines whether it can search for records or whether it must forward the FOIA request to specific individuals and component offices to conduct searches of the file systems that—in their judgment and based on their knowledge of the manner in which they routinely keep records— would be reasonably likely to have responsive records, if any. Ex. A (Pineiro Decl.) ¶ 28.

24.     Here, a management and program analyst in ERO searched ERO's Central Index System database and its Enforce Alien Removal Module database using Libarov's alien number. Ex. A (Pineiro Decl.) ¶ 29. The search yielded no responsive records, and it was determined that Libarov was never in ERO custody. Ex. A (Pineiro Decl.) ¶ 29.

**ICE's Withholding of Records under Exemption 7(A)**

25.     As mentioned above, ICE withheld under FOIA Exemption 7(A) the six pages of responsive records that it found in response to Libarov's FOIA request. Ex. A (Pineiro Decl.) ¶¶ 25-26.

26.     The Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. Ex. A (Pineiro Decl.) ¶ 35; *see also* 8 U.S.C. § 1103.

27.     ICE is the Department of Homeland Security's largest investigative arm and is responsible for identifying and eliminating vulnerabilities within the United States' borders.  Ex. A (Pineiro Decl.) ¶ 35.

28.     ICE is tasked with preventing any activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises. Ex. A (Pineiro Decl.) ¶ 35.

29.     The records ICE located in response to Libarov's FOIA request were collected and compiled by ICE law enforcement officers during the investigation of suspected violations of criminal laws.  Ex. A (Pineiro Decl.) ¶ 39.

30.     Releasing the records at issue could interfere with an open and ongoing case and would jeopardize an investigation that has been ongoing for an extended period of time.  Ex. A (Pineiro Decl.) ¶ 39.

31.     The records at issue include details of how the investigation came about, and disclosing the techniques and practices that HSI agents use during criminal investigations could allow people seeking to violate or circumvent the law to take proactive steps to counter the operational and investigative actions that HSI takes during criminal investigations.  Ex. A (Pineiro Decl.) ¶ 40.

32.     Releasing the records at issue would also reasonably be expected to interfere with ICE's own ongoing investigation.  Ex. A (Pineiro Decl.) ¶ 41.

**Segregability**

33.     ICE conducted a line-by-line review of the responsive records to identify any information exempt from disclosure or for which a discretionary waiver of exemption could be applied.  Ex. A (Pineiro Decl.) ¶ 43.

34.     ICE found all of the information to be exempt under FOIA Exemption 7(A), and ICE has not withheld any information on the ground that it is not exempt but not reasonably segregable from the exempt information.  Ex. A (Pineiro Decl.) ¶ 44.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
    ALEX HARTZLER
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1390
    alex.hartzler@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOTIR LIBAROV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 6414 |
| v. | ) | |
| | ) | Judge Cummings |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**INDEX OF EXHIBITS TO**
**DEFENDANT'S RULE 56.1 STATEMENT OF FACTS**

| Exhibit A | Declaration of Fernando Pineiro |
|---|---|
| Exhibit B | September 19, 2023 FOIA response letter |

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| _____ ) | |
| SOTIR LIBAROV ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 22-cv-06414 |
| ) | |
| UNITED STATES IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT; and ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES ) | |
| ) | |
| *Defendants* ) | |
| ) | |
| _____ ) | |

## DECLARATION OF FERNANDO PINEIRO

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

**1.** I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act ("FOIA") Office. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

**2.** As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of

1

FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3.      I make this declaration in support of ICE's Motion for Summary Judgment in the above-captioned action. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

4.      This declaration provides a description of how ICE received Plaintiff's FOIA request, how ICE searched for and processed records in response to Plaintiff's FOIA requests, and how ICE disclosed records located in response to Plaintiff's FOIA requests.

5.      In addition, in accordance with the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this declaration explains the basis for withholding portions of the requested information pursuant to FOIA Exemption (b)(7)(A). **ICE's *Vaughn* Index is attached hereto as Attachment A**.

## I. PROCEDURAL HISTORY OF THE PLAINTIFF'S FOIA REQUESTS AND THE INSTANT LITIGATION

6.      This suit stems from a FOIA request Plaintiff sent to ICE on July 22, 2022. The request sought documents pertaining to Sotir Dimitrov Libarov.  **A true and complete copy of Plaintiff's FOIA Requests to ICE are attached hereto as Attachment B.**

7.      On July 22, 2022, the ICE FOIA office referred the FOIA request to USCIS for handling. **A true and complete copy of the referral email is attached hereto as Attachment C.** The ICE FOIA Office informed the Plaintiff of this referral.

8.      The Plaintiff then informed Defendant ICE that the FOIA request was seeking ICE records and not USCIS records.

9.       On November 16, 2022, not having heard from ICE, Plaintiff filed the instant Complaint.

## II. ICE'S STANDARD PROCEDURE FOR INITIATING SEARCHES IN RESPONSE
## TO FOIA REQUESTS

10.     When the ICE FOIA Office receives a FOIA request, the intake staff evaluates it to determine if it is a proper FOIA request per DHS FOIA regulation 6 C.F.R. § 5.3. Generally, a FOIA request is considered proper and in compliance with DHS regulations if it reasonably describes the records sought and the records are under the purview of ICE.

11.     Proper FOIA requests are entered into a database known as FOIAXpress and assigned a case tracking number. Based upon the requestor's description of the records being sought and ICE FOIA's knowledge of the various program offices' missions, the ICE FOIA Office identifies the program office(s) likely to possess responsive records and tasks the appropriate program office(s) to conduct the necessary searches.

12.     ICE records are maintained by leadership offices and/or within ICE directorates, including but not limited to, the Office of Public Affairs, the Office of Enforcement and Removal Operations (ERO), the Office of Professional Responsibility (OPR), the ICE FOIA Office, the Office of the Director, the Office of the Principal Legal Advisor (OPLA), and the Chief Financial Officer (CFO). The program offices are typically staffed with a designated point of contact (POC) who is the primary person responsible for communications between that program office and the ICE FOIA Office. Each POC is a person with detailed knowledge about the operations of his/her respective program office.

13.     Upon receipt of a proper FOIA request, the ICE FOIA Office will identify which program offices, based upon their experience and knowledge of ICE's program offices, within ICE are reasonably likely to possess records responsive to that request, if any, and task the relevant program offices with searches. Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the POCs within each of those program offices with a copy of the FOIA request and instructs them to conduct a search for responsive records. The POCs then review the FOIA request, along with any case-specific instructions that may have been provided and based on their experience and knowledge of their program office practices and activities,

forward the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any. In conformity with the ICE FOIA Office's instructions, the individuals and component offices are directed to conduct searches of their file systems, including both paper files and electronic files, which in their judgment, based on their knowledge of the manner in which they routinely keep records, are reasonably likely to contain responsive documents. Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's POC, who in turn, provides the records to the ICE FOIA Office. The ICE FOIA Office then reviews the collected records for responsiveness and the application of appropriate FOIA Exemptions.

14. ICE employees maintain records in several ways. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive (if the office uses one), DVDs, CDs, and/or USB storage devices. The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his/her files.

15. Additionally, all ICE employees have access to e-mail. ICE uses the Microsoft Outlook e-mail system. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive.

16. Records received by the ICE FOIA Office from the program office POCs are assigned to a FOIA processor who determines whether or not the records are responsive to the FOIA request. If the records are responsive, the FOIA processor will redact information pursuant to the FOIA or Privacy Act, as appropriate, while simultaneously ensuring that all reasonably segregable non-exempt information is released.

4

**17.** Frequently, the ICE FOIA Office must coordinate between multiple program offices to ensure the program office records are properly redacted and information is correctly segregated. Once the ICE FOIA Office completes its coordination efforts and all responsive records have been processed, the ICE FOIA Office releases the responsive records to the requestor.

## III. DESCRIPTION OF PROGRAM OFFICES TASKED WITH SEARCHING FOR RECORDS IN RESPONSE TO PLAINTIFF'S FOIA REQUESTS

**18**. ICE is the principal investigative arm of DHS and the second largest investigative agency in the federal government. Created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service, ICE now employs more than 20,000 people in offices in every state and in 48 foreign countries.

**19**. After reviewing the FOIA request, the ICE FOIA Office determined that because of the subject matter of Plaintiff's FOIA Request, the Office of Homeland Security Investigations (HSI) and the ICE Office of Enforcement and Removal Operations were the program offices likely to have responsive records (if such records existed). Therefore, based on their subject matter expertise and knowledge of the agency record systems, the ICE FOIA Office instructed these program offices to conduct a comprehensive search for records and to provide all potentially responsive records located during that search to the ICE FOIA Office for review and processing. Accordingly, and based on the information described below, all locations likely to contain records responsive to Plaintiff's FOIA Requests (to the extent that they exist within ICE's custody) were searched.

### HSI's Search In Response to Plaintiff's FOIA Requests

**20**. ICE HSI is responsible for investigating a wide range of domestic and international activities arising from the illegal movement of people and goods into, within and out of the United States. HSI uses its legal authority to investigate criminal activities such as immigration crime; child exploitation; human rights violations and human smuggling; smuggling of narcotics, weapons and other types of contraband; and financial crimes, cybercrime and export enforcement issues. In addition to ICE criminal investigations, HSI oversees the agency's international affairs

operations and law enforcement intelligence functions. ICE HSI offices are located at ICE Headquarters in Washington, D.C., at the 26 Special Agent in Charge ("SAC") Offices located throughout the United States, and at international ICE Offices located in 48 countries around the world.

21.     A POC in the HSI Records Disclosure Unit ("RDU") received and reviewed the FOIA request. Upon receipt of the FOIA request in this case and based on the nature of the Plaintiff's FOIA Request, a Management and Program Analyst within the HSI RDU conducted a search of the Investigative Case Management (ICM) System of records using the search terms of Mr. Libarov's name, date of birth, alien number and country of birth. Records were found and it was then determined that the Special Agent in Charge (SAC), who was responsible for the subject investigation at the Miami Field Office was reasonably likely to have other case records that were not in ICM System.

22.     The Management and Program Analyst within the HSI RDU instructed the SAC at the Miami Field Office to conduct a search for records. The SAC at the HSI Miami Field Office conducted a 4-hour search of records pertaining to Sotir Dimitrov Libarov using Mr. Libarov's name. The systems of records searched included the Person Centric Query Service (PCQS), the Treasury Enforcement Communications System (TECS), the Arrival and Departure information Systems (ADIS), the Central Index System (CIS2), CLAIMS 3, the Customer Profile Management Service (CPMS), the Electronic Immigration System (ELIS2), the Automated Targeting System (ATS-P), the Consular Consolidated Database (CCD), the Student and Exchange Visitor Information System (SEVIS), the ICM and the National Crime Information Center (NCIC). Six pages of potentially responsive records were found and forwarded to the ICE FOIA Office for review and processing.

23.     PCQS is a database that contains sensitive information about applicants for immigration benefits. PCQS pulls information from over 20 databases, including other DHS and federal agency databases. TECS is the principal system used by officers at the border to assist with screening and determinations regarding admissibility of arriving persons. ADIS is used to track arrival and departure at entry and exit points. CIS2 is a repository of electronic data that contains an index of basic data elements related to an individual as he or she passes through the immigration

process. CPMS is a person-centric repository of biometric and biographic information provided by petitioners and applicants that have been issued a USCIS card evidencing the granting of an immigration related benefit. ELIS2 allows individuals requesting a USCIS benefit to register online and submit certain benefit requests through the online system. The ATS-P is a decision support tool that compares traveler, cargo, and conveyance information against law enforcement, intelligence, and other enforcement data using risk-based scenarios and assessments. CCD is a data warehouse that stores current and archived data from all of the Consular Affairs post databases around the world. SEVIS is a web-based system for maintaining information on nonimmigrant students and exchange visitors in the United States. ICM serves as the core law enforcement case management tool primarily used by ICE Homeland Security Investigations (HSI) and Enforcement and Removal Operations (ERO). ICM is used to manage immigration cases that are presented for criminal prosecution as well as to support its civil immigration enforcement cases.

24. The HSI SAC in Miami also searched an electronically stored folder using the search term 'Libarov.' He also searched his Outlook emails using the search term 'Libarov.'

25. In total, 6 pages of potentially responsive records were found by HSI in response to the FOIA request. It was determined by HSI that due to the open status of ongoing law enforcement investigations, the 6 pages had to be withheld in their entirety pursuant to Title 5 U.S.C. § 552 (b)(7)(A). FOIA Exemption 7(A) protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.

26. On September 19, 2023, ICE sent a response letter to Plaintiff stating that the 6 pages of potentially responsive records found were being withheld in their entirety pursuant to FOIA Exemption 7(A).

**ERO's Search In Response to Plaintiff's FOIA Requests**

27. ERO oversees programs and conducts operations to identify and apprehend removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States. ERO prioritizes the apprehension, arrest, and removal of convicted criminals, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart

immigration controls. ERO manages all logistical aspects of the removal process, including domestic transportation, detention, alternatives to detention programs, bond management, and supervised release.

28. When ERO receives a FOIA tasking from the ICE FOIA Office, the request is submitted to ERO's Information Disclosure Unit (IDU). A POC in IDU reviews the substance of the request and based on the subject matter expertise and knowledge of the component offices' activities within ERO, IDU determines whether it can search for records, or whether it is necessary to forward the FOIA request to specific individuals and component offices to conduct searches of their files systems which in their judgement, based on their knowledge of the manner in which they routinely keep records, would be reasonably likely to have responsive records, if any.

29. Upon receipt of the FOIA request in this case, and based on the nature of the Plaintiff's FOIA Requests, a Management and Program Analyst within ERO conducted a search of of the CIS2 database and the Enforce Alien Removal Module (EARM) database using Mr. Libarov's alien number. No records were found and it was determined that Mr. Libarov was never in ERO custody.

## ORGANIZATION OF THE *VAUGHN* INDEX

30. Pursuant to the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), a *Vaughn* Index accompanies this declaration; the *Vaughn* Index provides a description of each redaction and the corresponding FOIA exemption being applied.

31. The *Vaughn* index is in a table format. The first column contains the entry number. The second column contains the page numbers of the responsive records. The third column describes the category of withholdings taken on the documents (full or partial). The fourth column describes the underlying records and provides justifications for the asserted exemptions. The fifth column describes the redaction codes, which are citations to the sections of the FOIA Exemptions.

32. The *Vaughn* index encompasses the responsive records found by the program offices.

33.     The 6 pages of records were withheld from Plaintiff entirely pursuant to FOIA Exemption 7(A).  A completed description of these documents, and the bases for the withholdings of information in them, is detailed in ICE's Vaughn index.

## IV. DESCRIPTION OF FOIA WITHHOLDINGS APPLIED TO RECORDS PROVIDED TO PLAINTIFFS

### FOIA Exemption 5 U.S.C. § 552(b)(7) Threshold

34.     5 U.S.C. § 552(b)(7) establishes a threshold requirement that, to withhold information on the basis of any of its subparts, the records or information must be compiled for law enforcement purposes.

35.     The information for which the ICE FOIA Office asserted Exemption (b)(7) satisfies this threshold requirement. Pursuant to the Immigration and Nationality Act, codified under Title8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. See 8 U.S.C. § 1103. ICE is the largest investigative arm of DHS and is responsible for identifying and eliminating vulnerabilities within the nation's borders. ICE is tasked with preventing any activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises.

36.     The records and information at issue in this matter pertain to ICE's obligation to accurately portray the work it is doing to further its mission and to allow its employees to conduct work in furtherance of the ICE mission. The records and information at issue in this matter pertain to ICE's obligation to enforce the immigration laws of the United States by investigating non-U.S. individuals who may be present in the United States illegally, including records of interviews, arrests, bookings, detentions, removals, other related investigations, and investigations of allegations of misconduct.  In keeping records related to detainees, ICE is acting in the interest of its employees who are working to ensure that these policies are enacted, that they are fair and that they provide the greatest level of safety to the public and to ICE employees. Therefore, the ICE records responsive to Plaintiffs' FOIA request were compiled for law enforcement purposes and meet the threshold requirement of FOIA Exemption (b)(7).

**Exemption 5 U.S.C. § 552(b)(7)(A)**

37.     FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.

38.     In addition to being compiled for law enforcement purposes, in order to apply Exemption 7(A), ICE must demonstrate that release of the records could reasonably be expected to interfere with an enforcement proceeding.

39.     The records and information located in response to Plaintiff's FOIA request were collected and compiled by ICE law enforcement officers during the investigation of suspected violations of criminal laws. Release of the documents could potentially interfere with an open and ongoing case and investigation being conducted, as well as enforcement proceedings. Release of the records would most certainly jeopardize an investigation that has been ongoing for a long period of time.

40.     Furthermore, the records include details of how the investigation came about and disclosure of the techniques and practices that HSI Special Agents use during an open and active criminal investigation could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by HSI during criminal investigations

41.     The records identified in response to the request had also been withheld pursuant to Exemption 7(A) because disclosure would have reasonably been expected to interfere with ICE's own ongoing investigation.

10

## V. SEGREGABILITY

**42**.　5 U.S.C. § 552(b) requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."

**43**.　A line-by-line review was conducted to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied.

**44**.　With respect to the records, all information was found to be exempt under FOIA exemption (b)(7)(A). ICE did not withhold any information on the ground that it was not exempt but could not be reasonably segregated from the exempt information.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Signed this _____ day of December 2023.

FERNANDO PINEIRO JR

Digitally signed by FERNANDO PINEIRO JR
Date: 2023.12.07 14:14:03 -05'00'

Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009

FOR OFFICIAL USE ONLY // LAW ENFORCEMENT SENSITIVE

**Libarov v. ICE, et al**
Case No.: (22-cv-06414)
U.S. Immigration and Customs Enforcement *Vaughn* Index

| Entry Number | Page Number(s) | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied to Redactions |
|---|---|---|---|---|
| 1 | 1-6 | Full | **Document Title: Homeland Security Investigations Report** <br><br> **Redactions:** This report is withheld in its entirety as it related to an ongoing law enforcement investigation. <br><br> **Reason:** FOIA Exemption (b)(7)(A) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." Exemption 7(A) requires a two-step analysis, first, there must be a "reasonable likelihood" of a pending or contemplated law enforcement proceeding. Here, there is an open, active, and ongoing criminal investigation involving these records. Second, release of the information must be reasonably expected to cause some articulable harm to that proceeding. Here, disclosure of these records would cause an articulable harm to the ongoing investigation. Obviously release of the records would have a clear articulable harm to both the investigation and the future criminal charges, if any. <br><br> Disclosure of the techniques and practices that HSI Special Agents use during an open and active criminal investigation could permit people seeking to violate or circumvent the law to take proactive steps to counter operational and investigative actions taken by HSI during criminal investigations. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(A) |

| | |
|---|---|
| **From:** | ICE-FOIA |
| **To:** | FOIA, USCIS |
| **Subject:** | FW: FOIA REQUEST |
| **Attachments:** | Sotir Libarov FOIA consent.pdf |
| **Importance:** | High |

Good day,

Upon review of the subject matter, I have determined that, if such documents exist, they would be under your purview. Please respond directly to the requester. The requester has been notified of this transfer. If you have any questions concerning this matter, please contact this office at ICE-FOIA@dhs.gov.

**From:** Nicolette Glazer <nicolette@glazerandglazer.com>
**Sent:** Friday, July 22, 2022 8:13 PM
**To:** ICE-FOIA <ice-foia@ice.dhs.gov>
**Subject:** FOIA REQUEST
**Importance:** High

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Dear Madam/Sir:

On behalf of my client, Sotir Dimitrov Libarov A # 214 012 587, I hereby make a request for the following records:

All forms, statements, notes, emails, text messages, investigative memoranda, electronically stored data, screenshots of DHS databases containing information and data, and all other documents and records pertinent to and/or relating in any way to the above identified individual.

An identity affidavit is attached.

This is a request for the production of the requested records within the timeframes mandated by FOIA.

Please produce the records in electronic format via email, portal or on a CD to Nicolette Glazer, Law Offices of Larry R Glazer, 79125 Corporate Center Dr #6351, La Quinta, CA 92253 or via email at nicolette@glazerandglazer.com.

Regards,

Nicolette Glazer Esq.
Certified Specialist In Immigration and Nationality Law
State Bar of California, Board of Legal Specialization
Direct Line: (310) 735-3478
Law Offices of Larry R Glazer

Main Office: 1999 Avenue of the Stars, 11th Floor, Century City, CA 90067.
Support Office: 79125 Corporate Center Dr. #6351, La Quinta CA 92253
Tel: (310) 407-5353 Fax: (310) 407-5354
www.GlazerandGlazer.com/ www.LOLRG.com/ download the LOLRG Litigation App
** If you are sending paper documents or payments, please mail them to our La Quinta support office at the address above.**
THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PROVILEGED OR CONFIDENTIAL, AND EXCEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY DISSIMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU

**U.S Department of Justice**                    **Certification of Identity**



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] **Sotir Dimitrov Libarov**

Citizenship Status [2] **N/A**                    Social Security Number [3] _____

Current Address ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Date of Birth ▓▓▓▓▓▓▓▓                    Place of Birth **Sofia, Bilgaria**

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

## Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4] ~~Sotir Libarov (Jun 27, 2022 13:21 CDT)~~                    **Date** Jun 27, 2022

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

# doj361_form

Final Audit Report                                          2022-06-27

| | |
|---|---|
| Created: | 2022-06-26 |
| By: | Larry Glazer (nicolette@glazerandglazer.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAACf9yCSe3mng0CE0Ctial1KSxEgF-fu9Z |

# "doj361_form" History

Document created by Larry Glazer (nicolette@glazerandglazer.com)
2022-06-26 - 5:59:44 PM GMT- IP address: 173.196.222.2

Document emailed to Sotir Libarov (dok_20@yahoo.com) for signature
2022-06-26 - 6:01:00 PM GMT

Email viewed by Sotir Libarov (dok_20@yahoo.com)
2022-06-27 - 4:39:48 AM GMT- IP address: 98.139.133.173

Document e-signed by Sotir Libarov (dok_20@yahoo.com)
Signature Date: 2022-06-27 - 6:21:24 PM GMT - Time Source: server- IP address: 24.15.241.166

Agreement completed.
2022-06-27 - 6:21:24 PM GMT

**Adobe Acrobat Sign**

| | |
|---|---|
| **From:** | ICE-FOIA |
| **To:** | "Nicolette Glazer" |
| **Subject:** | RE: FOIA REQUEST |

Good day,

You have directed a FOIA request to U.S. Immigration and Customs Enforcement (ICE) seeking either (1) copies of your entire immigration file also known as an alien file or A-file (ICE, CBP, OBIM, USCIS records), or (2) copies of certain documents or other information that is maintained in an individual's immigration file. Complete immigration files are maintained by U.S. Citizenship and Immigration Services (USCIS). Accordingly, ICE is routing your FOIA request to USCIS. Upon receipt of your FOIA request, USCIS will provide you with a tracking number and respond directly to your request.

If you have any questions regarding your request, please contact USCIS at the address below:

U.S. Citizenship and Immigration Services

National Records Center, FOIA/PA Office

P.O. Box 648010

Lee's Summit, MO 64064-8010

Phone: (800) 375-5283

Fax: (816) 350-5785

Email: USCIS.FOIA@uscis.dhs.gov

**From:** Nicolette Glazer <nicolette@glazerandglazer.com>
**Sent:** Friday, July 22, 2022 8:13 PM
**To:** ICE-FOIA <ice-foia@ice.dhs.gov>
**Subject:** FOIA REQUEST
**Importance:** High

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Dear Madam/Sir:

On behalf of my client, Sotir Dimitrov Libarov A # 214 012 587, I hereby make a request for the following records:

All forms, statements, notes, emails, text messages, investigative memoranda, electronically stored data, screenshots of DHS databases containing information and data, and all other documents and records pertinent to and/or relating in any way to the above identified individual.

An identity affidavit is attached.

This is a request for the production of the requested records within the timeframes mandated by FOIA.

Please produce the records in electronic format via email, portal or on a CD to Nicolette Glazer, Law Offices of Larry R Glazer, 79125 Corporate Center Dr #6351, La Quinta, CA 92253 or via email at nicolette@glazerandglazer.com.

Regards,

Nicolette Glazer Esq.

Certified Specialist In Immigration and Nationality Law

State Bar of California, Board of Legal Specialization

Direct Line: (310) 735-3478

Law Offices of Larry R Glazer

Main Office: 1999 Avenue of the Stars, 11th Floor, Century City, CA 90067.

Support Office: 79125 Corporate Center Dr. #6351, La Quinta CA 92253
Tel: (310) 407-5353 Fax: (310) 407-5354
www.GlazerandGlazer.com/ www.LOLRG.com/ download the LOLRG Litigation App
** If you are sending paper documents or payments, please mail them to our La Quinta support office at the address above.**

THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PROVILEGED OR CONFIDENTIAL, AND EXCEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY DISSIMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US PROMPTLY AND DESTROY THIS MESSAGE AND ANY ATTACHMENTS IT MAY CONTAIN.

Circular 230 Disclosure Act: Any tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed or (ii) in promoting, marketing, or recommending tax transaction or matter to another party. Please seek advice from an independent tax advisor with respect to any tax transaction or matter.

HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US PROMPTLY AND DESTROY THIS MESSAGE AND ANY ATTACHMENTS IT MAY CONTAIN.

Circular 230 Disclosure Act: Any tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed or (ii) in promoting, marketing, or recommending tax transaction or matter to another party. Please seek advice from an independent tax advisor with respect to any tax transaction or matter.

# Exhibit B

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



September 19, 2023

Nicolette Glazer Esq.
Law Offices of Larry R. Glazer
1999 Avenue of the Starts #1100
Century City, CA 90067
nicolette@glazerandglazer.com

RE:   <u>**Sotir Libarov v. ICE, et. Al. 1:22-cv-06414**</u>
      **ICE FOIA Case Number 2023-ICLI-00015**
      **Interim Release**

Dear Ms. Glazer,

This is an interim response to your Freedom of Information Act (FOIA) requests to U.S. Immigration and Customs Enforcement (ICE), dated July 22, 2022, seeking all forms, statements, notes, emails, text messages, investigative memoranda, electronically stored data, screenshots of DHS databases, containing information and data, and all other documents and records pertinent to and/or relating in any way to Satir Dimitrov Libarov, A#214 012 587.

Due to the open status of ongoing law enforcement investigations, ICE has determined that the information you are requesting is withholdable in its entirety pursuant to Title 5 U.S.C. § 552 (b)(7)(A).  FOIA Exemption 7(A) protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.  ICE has determined that the information you are seeking relates to ongoing law enforcement investigations.  Therefore, ICE is withholding all records, documents, and/or other material, which if disclosed prior to completion, could reasonably be expected to interfere with law enforcement proceedings and final agency actions related to those proceedings.  Please be advised that once all pending matters are resolved and FOIA Exemption 7(A) is no longer applicable, there may be other exemptions which could protect certain information from disclosure, such as FOIA Exemptions 6, 7(C), 7(D), 7(E) and/or 7(F).

If you have any questions about this letter, please contact Assistant U.S. Attorney Alex Hartzler at Alex.Hartzler@usdoj.gov

Sincerely, ROLANDO VELASCO JR

Digitally signed by ROLANDO VELASCO JR
Date: 2023.09.19 15:07:59 -04'00'

Rolando Velasco
ICE FOIA Litigation Supervisor